UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:18-CR-81-REW-MAS |
| v. | ) ) | ORDER |
| LIVIU-SORIN NEDELCU, | ) ) | |
| Defendant. | ) ) ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 676 (Minute Entry), Judge Stinnett recommended that the undersigned accept Defendant Nedelcu's guilty plea and adjudge him guilty of Count 1 of the Superseding Indictment. *See* DE 679 (Recommendation); *see also* DE 678 (Plea Agreement); DE 249 (Superseding Indictment) ¶¶ 7–29. Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 679 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 679, **ACCEPTS** Nedelcu's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Superseding Indictment (DE 249 ¶¶ 7–29);

2. The forfeiture allegation of the operative indictment names Defendant Nedelcu. *See* DE 249 at 85–89.[1] Per Defendant's agreement concerning the forfeitability predicate, *see* DE 678 ¶ 10, the Court provisionally **FINDS** that Nedelcu has an interest in the "$20,722.24" described in the plea agreement and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. In anticipation of that process, the Court notes that the plea agreement mixes forfeiture principles. Defendant has agreed that the $20,722.24 "is subject to forfeiture because a nexus exists between the property and the offense," as alleged in the Superseding Indictment's forfeiture allegation. DE 678 at 5. The relevant RICO provision deems forfeitable, *inter alia*, "any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity . . . in violation of section 1962." 18 U.S.C. § 1963(a)(3). Nedelcu has agreed that the $20,722.24 has, as alleged in the charging document, the nexus to his racketeering activities that § 1963(a)

---

[1] Per the plea agreement, the Government has agreed to dismiss the only portion of the forfeiture allegation that specifically identifies allegedly forfeitable property in which Nedelcu has a readily apparent interest. *See id.* at 88 ¶ 5 ("Real property located at 40-42BC Uraus Street, Building 10, Apartment 18, Magurele City, Illfov County, Romania, consisting of an apartment in name of Liviu Sorin Nedelcu and Andreea Maria Nedelcu."); DE 678 ¶ 1.

requires for forfeiture of specific property. *See* DE 249 at 85–86 ¶ 2 (a)–(c). The Court preliminarily orders direct forfeiture of the agreed $20,722.24 on that basis. However, the plea agreement also contemplates "imposition of a money judgment[.]" DE 678 ¶ 10. The statute authorizes entry of a money judgment only if "as a result of any act or omission of the defendant" (stated generally) the Government cannot secure direct forfeiture of specifically forfeitable property. 18 U.S.C. § 1963(m).[2] Defendant did not agree that his acts or omissions rendered the $20,722.24 unreachable. In short, Nedelcu agreed to the factual predicates necessary for direct forfeiture of the funds but did not agree to the prerequisite for substitute-property forfeiture or imposition of a money judgment. Accordingly, the Government **SHALL**, within 10 days, submit a status report clarifying its intent regarding forfeiture. Defendant Nedelcu, within 14 days of the Government's status report, **SHALL** respond;

4. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

5. The Court will issue a separate sentencing order.[3]

This the 18th day of June, 2020.



Signed By:
*Robert E. Wier*
**United States District Judge**

---

[2] This marks the third time that the Court has staked out this distinction. *See* DE 642 at 2–3; DE 654 at 2–3.
[3] At the hearing, Judge Stinnett remanded Nedelcu to custody. *See* DE 676. The Court, thus, sees no need to further address detention, at this time.